2012 DEC 6 PM 3:16

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF0253-12 |
| | ) |
| | ) |
| | ) |
| vs. | ) DECISION AND ORDER |
| | ) (Defendant's Motion For Judgment of |
| | ) Acquittal) |
| JUAN JOSE TORRES | ) |
| Defendant. | ) |
| | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on October 17, 2012, for a hearing on Juan Jose Torres' ("Defendant") Motion for Judgment of Acquittal. Attorney F. Randall Cunliffe appeared on behalf of the Defendant. Assistant Attorney General Jesse J.N. Nasis appeared on behalf of the People of Guam ("the People"). Upon review of the oral and written arguments, and legal authorities presented by both attorneys, the Court hereby issues this Decision and Order DENYING Defendant's Motion.

## BACKGROUND

Defendant was indicted by a Superior Court of Guam Grand Jury on April 18, 2012. The Grand Jury charged out the following: (1) 4 counts of Third Degree Criminal Sexual Conduct (as a 2nd Degree Felony); (2) 2 counts of Assault with Intent to Commit Criminal Sexual Conduct (as a 3rd Degree Felony); and (3) 2 counts Felonious Restraint (as a 3rd Degree Felony). Indictment (Ap. 18, 2012). On July 27, 2012, the People filed an Amended

Indictment. The Amended Indictment charged out the following: (1) Third Degree Criminal Sexual Conduct (as a 2nd Degree Felony) and (2) 2 counts of Assault with Intent to Commit Criminal Sexual Conduct (as a 3rd Degree Felony). Amended Indictment (Jul. 27, 2012).

## DISCUSSION

Defendant moves the Court for acquittal or in the alternative motions for an arrest of judgment relative to the Second Charge in the Amended Indictment. Def's. Mot. for Judgment of Acquittal (Aug. 3, 2012). Defendant specifically argues that the Second Charge of the Amended Indictment does not allege any elements of assault as contained in 9 GCA § 19.30. "Nor do they contain the element that the assault with the intent to commit criminal sexual conduct involves penetration." *Id.*

The People oppose Defendant's motion. They argue that the evidence must be reviewed in the light most favorable to the Government. Specifically, the People contend the following: The Indictment is sufficient and properly charges the elements of the crime when read as a whole; Assault is not a statutory element of the second charge in the Indictment; and the jury instructions provided notice to the Defendant and the jurors of the necessary definitions and elements to support the Indictment and a conviction. People's Opposition to Mot. for Judgment of Acquittal or In the Alternative an Arrest of Judgment (Oct. 3, 2012).

A motion made after a guilty verdict is provided for in Guam law. 8 GCA § 100.30 specifically provides:

> **If a jury returns a verdict of guilty** or is discharged without having returned a verdict, a **motion for judgment of acquittal** *may* **be made or renewed within seven days after the jury is discharged or within such further time as the court may fix during the seven-day period**. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

8 GCA § 100.30 (2005) (emphasis added).

Similarly, Guam law provides grounds for arrest of judgment.

> (a) The court on motion of a defendant shall arrest judgment if the indictment, information or complaint does not charge an offense or if the court was without jurisdiction of the offense charged.
> (b) The motion in arrest of judgment shall be made and determined before judgment is pronounced and within seven (7) days, after verdict or finding of guilty, or after plea of guilty or nolo contendere, or within such further time as the court may fix during the seven-day period. When determined the order shall be immediately entered by the clerk in the minutes.

8 GCA § 115.10 (2005).

In the instant case, jury selection and trial date was set on July 19, 2012, in accordance with Defendant's request for a jury of twelve. The jury returned with guilty verdicts for both charges in the Amended Indictment on July 31, 2012. Defendant's motion was filed on August 3, 2012. In view of this, the Court recognizes that Defendant's motion for judgment of acquittal or in the alternative an arrest of judgment was filed within seven days after a guilty verdict. Accordingly, there is no issue with the time requirement prescribed by law relative to the motion filing. The Court now reviews the Amended Indictment.

The second charge of the Amended Indictment alleges as follows:

## SECOND CHARGE

### Count One

On or about the period August 31, 2010, through September 1, 2010, inclusive, in Guam, **JUAN JOSE TORRES** did commit the offense of *Assault with Intent to Commit Criminal Sexual Conduct*, when he intentionally assaulted *C.P.T. (DOB: 09/01/1992)* with the intent to commit criminal sexual conduct, in violation of 9 GCA §§ 25.35 and 80.30, as amended.

### Count Two

On or about the 3rd day of September, 2010, in Guam, **JUAN JOSE TORRES** did commit the offense of *Assault with Intent to Commit Criminal Sexual*

*Conduct*, when he intentionally assaulted *C.P.T.* (**DOB: 09/01/1992**) with intent to commit criminal sexual conduct, in violation of 9 GCA §§25.35 and 80.30, as amended.

9 GCA § 25.35 reads:

Assault with intent to commit criminal sexual conduct involving penetration is a felony in a third degree.

9 GCA §25.35 (2005).

"It is a cardinal principal of our criminal law that an indictment is sufficient which apprises a defendant of the crime with which he is charged so as to enable him to prepare his defense and to plead judgment of acquittal or conviction as a plea to a subsequent prosecution for the same offense." People v. Jones, 2006 Guam 13 ¶ 12 (citing Portnoy v. United States, 316 F.2d 486, 488 (1st Cir. 1963). With the case at bar, the charging document tracks the language of 9 GCA § 25.35 but the Second Charge did not include the word "penetration" as found in 9 GCA §25.35. However, the First Charge of the Amended Indictment included the word penetration tracking the Third Degree Criminal Sexual Conduct language pursuant to 9 GCA § 25.25(a)(2). When reading the indictment as a whole, including the citation to all charges, it is clear that the Defendant committed the criminal sexual conduct by means of penetration. It is well established that an indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." Id. (citing U.S. v. Givens, 767 F.2d 574, 584 (9th Cir. 1985). Guam law is in accordance with this view, holding an indictment to be sufficient where it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution of the same offense. Id.

Generally, an indictment which tracks the words of the statute charging the offense is sufficient as long as the words unambiguously set forth all the elements of the offense. *See*

Jones. Based on the Court's review of the Indictment and Jury Instruction 6E providing for the definition of Assault with Intent to Commit Criminal Sexual Conduct, the Court finds that the Indictment was sufficient as it properly states the crimes alleged, and the jury acted rationally in finding that prosecution had proven the essential elements of each of the crimes charged in the indictment.

Accordingly, Defendant's Motion for Judgment of Acquittal or Arrest of Judgment is DENIED.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion for Judgment of Acquittal or Arrest of Judgment.

**SO ORDERED** this __6__ day of DECEMBER, 2012.

A further proceedings is scheduled for December 31, 2012, at 9 a.m.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

DEC 0 6 2012